UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY ELLIOT,

     Plaintiff,

v.

D.C. PUBLIC SCHOOLS

and

D.C. GOVERNMENT

     Defendants.

Civil Action No. 09-1802 (CKK)

**MEMORANDUM OPINION**
(December 2, 2009)

Plaintiff, Mary Elliot, filed the above-captioned suit against Defendants, the D.C. Public Schools and the D.C. Government, alleging that Defendants refused to pay her attorneys' fees after she prevailed in a hearing pursuant to the Individuals with Disability Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"). Originally filed in the Small Claims & Conciliation Branch of the District of Columbia Superior Court, Defendants removed the instant action to this Court on September 18, 2009. Presently pending before the Court are two motions to dismiss and/or for a more definite statement filed by Defendants. *See* Docket Nos. [3] and [15]/[16].

The first such motion was filed by Defendants on September 24, 2009, shortly after the case was removed from Superior Court. *See* Defs.' Motion to Dismiss and/or for a More Definite Statement, Docket No. [3]. In response, Plaintiff filed a [4]/[11] Motion to Remand, arguing that the case is a contract action that should be remanded to the Superior Court of District of Columbia for resolution. On October 23, 2009, the Court issued an order denying Plaintiff's [4]/[11] Motion to Remand, finding that, contrary to Plaintiff's assertions, the suit is

not properly characterized as a simple contract action governed by local law, but rather arises under the IDEA and appears to be a claim for attorney's fees under 20 U.S.C. §1415(i)(3)(A) and (B). *See* 10/23/09 Order, Docket No. [12]. The Court further ordered Plaintiff to file an amended complaint in response to Defendants' [3] Motion to Dismiss by November 6, 2009; the Court advised Plaintiff that if an amended complaint giving Defendants fair notice of the claim was not timely filed, the action would be dismissed. *Id.* As required, Plaintiff timely filed an Amended Complaint on October 29, 2009. *See* Am. Compl., Docket No. [14]. In light of this filing, the Court hereby DENIES AS MOOT Defendants' [3] Motion to Dismiss and/or For a More Definite Statement.

Thereafter, on November 4, 2009, Defendants filed their second pending motion, namely, their [15]/[16] Motion to Dismiss Amended Complaint and/or for a More Definite Statement. Defendants assert that Plaintiff's Amended Complaint, like her original Complaint, fails to sufficiently assert a short and plain statement showing that the pleader is entitled to relief consistent with Fed. R. Civ. P. 8(a). *See generally* Defs.' Motion to Dismiss Amended Complaint and/or for a More Definite Statement, Docket Nos. [15]/[16]. Accordingly, Defendants have moved to dismiss Plaintiff's Amended Complaint, urging that it suffers from the same deficiencies as the original Complaint. Defs.' MTD at 3-4. In the alternative, Defendants move for a more definite statement pursuant to Fed. R. Civ. P. 12(e). *Id.*

Pursuant to Fed. R. Civ. P. 6 and LCvR 7(b),[1] Plaintiff was required to file an opposition

---

[1] The Court notes that the recent amendments to both the Federal Rules of Civil Procedure and the Local Civil Rules of this Court modifying the manner in which time is computed for filing deadlines did not take effect until December 1, 2009, and therefore does not affect the deadline for Plaintiff's opposition.

or otherwise respond to Defendants' motion by no later than November 18, 2009. Plaintiff, who is represented by counsel in this action, failed to do so by November 18, 2009, or indeed, at anytime thereafter. As of the date of this Memorandum Opinion and accompanying Order, the docket reflects that no response has been filed by Plaintiff. Accordingly, pursuant to LCvR 7(b), the Court shall GRANT Defendants' [15] Motion to Dismiss Amended Complaint as conceded. *See* LCvR 7(b) ("If . . . a memorandum [in opposition] is not filed within the prescribed time, the Court may treat the motion as conceded."). *See also Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997) (a district court may in its discretion "rel[y] on the absence of a response as a basis for treating [a] motion as conceded"). Moreover, in light of this decision granting Defendants' motion to dismiss Plaintiff's Amended Complaint, the Court shall DENY AS MOOT Defendants' alternative [16] Motion for a More Definitive Statement pursuant to Fed. R. Civ. P. 12(e). This case is dismissed without prejudice. An appropriate Order accompanies this Memorandum Opinion.

Date: December 2, 2009

　　　　　　　　　　　　　　　　　　　　　　　　 */s/*　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　COLLEEN KOLLAR-KOTELLY
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

3